*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0100p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

BETTYE WHITAKER,

　　　　　　　*Plaintiff-Appellant,*

　　　v.

HARTFORD LIFE AND ACCIDENT INSURANCE
COMPANY,

　　　　　　　*Defendant-Appellee.*

No. 03-6682

>

---

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 02-00580—Danny C. Reeves, District Judge.

Argued: November 30, 2004

Decided and Filed: January 24, 2005[*]

Before: NORRIS and COOK, Circuit Judges; BECKWITH, Chief District Judge.[**]

---

## COUNSEL

**ARGUED:** Matthew Lawton Bowling, GULLETT, COMBS & GRANHAM, Hazard, Kentucky, for Appellant. Robert L. Steinmetz, FROST, BROWN & TODD, Louisville, Kentucky, for Appellee. **ON BRIEF:** Matthew Lawton Bowling, GULLETT, COMBS & GRANHAM, Hazard, Kentucky, for Appellant. Robert L. Steinmetz, Rebecca A. Wood, FROST, BROWN & TODD, Louisville, Kentucky, for Appellee.

---

## OPINION

---

BECKWITH, Chief District Judge. Plaintiff-Appellant Bettye Whitaker appeals the judgment in favor of Defendant-Appellee Hartford Life and Accident Insurance Company on Whitaker's ERISA claim. She alleges that Hartford's denial of long-term disability benefits was arbitrary and capricious. We affirm.

---

[*] This decision was originally issued as an "unpublished decision" filed on January 24, 2005. The court has now designated the opinion as one recommended for full-text publication.

[**] The Honorable Sandra S. Beckwith, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

1

I.       Factual Background.

Whitaker worked for Gray Communications Systems, Inc., most recently as an account executive.  Whitaker resigned her position on July 20, 2001, stating that her physical and mental impairments prevented her from continuing her employment.  She then applied for long-term disability benefits from Gray's employee benefit plan, operated by Hartford and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.  Whitaker described her disabling condition as "Anxiety and Depression" caused by stress placed on her by her supervisor.  Hartford denied her claim, concluding that Whitaker was not "disabled" within the policy's definition, in that she was not precluded from performing her job duties for another employer.

After Whitaker exhausted all available administrative appeals, she filed suit seeking an award of disability benefits.  The district court denied Whitaker's motion for summary judgment and granted judgment to Hartford, finding that Hartford's denial of benefits was not arbitrary or capricious.

II.      Standard of Review.

This court reviews de novo the district court's ruling, applying the same legal standard as the district court.  See *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 613 (6th Cir. 1998). A district court applies the "arbitrary and capricious" standard of review to an ERISA plan administrator's decision regarding benefits where, as here, "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948 (1989).  The administrator's decision must be upheld if "it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence."  *Baker v. United Mine Workers of Am. Health and Retirement Funds*, 929 F.2d 1140, 1144 (6th Cir. 1991).

Though plaintiff argues for application of a "heightened" review because Hartford both funds and administers this plan, the courts factor an insurer's dual role into its review under the arbitrary and capricious standard, rather than alter that standard.  *Peruzzi v. Summa Med. Plan*, 137 F.3d 431, 433 (6th Cir. 1998).

A.       Social Security Disability.

Whitaker contends that Hartford should have accorded greater weight to Whitaker's successful Social Security disability claim, and that its failure to do so renders Hartford's denial of her benefits arbitrary and capricious.  While Whitaker recognizes that ERISA administrators are not required to follow the "treating physician rule" applicable to Social Security disability determinations, she suggests that Hartford's failure to do so here requires reversal.  We disagree.

Following the Supreme Court's decision in *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 123 S.Ct. 1965 (2003), that the SSA's "treating physician rule" does not apply in ERISA cases, this court held in an unpublished opinion that an ERISA plan administrator is not bound by an SSA disability determination.  See *Hurse v. Hartford Life & Acc. Ins. Co.*, 77 Fed. Appx. 310, 2003 U.S. App. LEXIS 20030 (6th Cir. Sept. 26, 2003) (unpublished).  There, this court recognized the incongruity of binding an ERISA plan administrator to the SSA's disability determination, when the SSA - but not the ERISA administrator - is bound by law to accord special deference to a claimant's treating physician.

Adopting the reasoning of *Hurse*, we hold that an ERISA plan administrator is not bound by an SSA disability determination when reviewing a claim for benefits under an ERISA plan.  As the Supreme Court noted in *Nord*, entitlement to Social Security benefits is measured by a uniform set

of federal criteria.  But a claim for benefits under an ERISA plan often turns on the interpretation of plan terms that differ from SSA criteria.

Whitaker contends that  *Darland v. Fortis Benefits Ins. Co.*, 317 F.3d 516 (6th Cir. 2003) compels the plan administrator to explicitly distinguish a favorable SSA determination when denying plan disability benefits.  In *Darland*, this court recognized a unique situation where it would be inconsistent for a plan administrator to **ignore** the SSA's favorable determination, after the administrator had expressly requested the claimant to apply for SSA benefits.  Nothing similar occurred in this case.  Moreover, *Darland* predates *Nord*, and was clearly based on application of the treating physician rule.

B.    Medical Evidence.

Hartford obtained opinions from an independent neurologist (Dr. Mercer) and psychiatrist (Dr. Brown), who both thoroughly reviewed Whitaker's medical records and concluded that Whitaker was not disabled within the meaning of the Hartford policy.  Hartford relied on those opinions in denying Whitaker's claim for benefits.  A plan administrator's determination is not arbitrary or capricious when a reasoned explanation, based on the evidence, supports that determination. *Davis v. Ky. Finance Cos. Retirement Plan*, 887 F.2d 689, 693 (6th Cir. 1989).

III.    Conclusion.

For the foregoing reasons, we affirm the district court's judgment in favor of Hartford.