**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0309n.06
Filed: April 22, 2005

No. 04-1177

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| CAROL SEISER, | ) | |
| | ) | |
| **Plaintiff - Appellant,** | ) | |
| | ) | **ON APPEAL** FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| UNUM PROVIDENT CORP., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **Defendant - Appellee.** | ) | |
| | ) | **O P I N I O N** |
| _____ | ) | |

**Before: MOORE and SUTTON, Circuit Judges and CARMAN, Judge.**[*]

**CARMAN, Judge.** Plaintiff-Appellant Carol Seiser ("Seiser") appeals the district court's denials of her motion for judgment on the administrative record and motion to expand the administrative record and judgment in favor of Defendant-Appellee UNUM Provident Corporation ("UNUM"). On December 31, 2003, the district court: (1) denied Seiser's motion for judgment on the administrative record; (2) denied Seiser's motion to expand the administrative record to include the Social Security Administration's ("SSA") determination to award Seiser disability benefits; and (3) entered judgment on the administrative record in favor of UNUM. Seiser filed a timely notice of appeal to this court. Upon review, we hold that the district court properly denied the motion for

_____

[*]The Honorable Gregory W. Carman, United States Court of International Trade, sitting by designation.

judgment on the administrative record, properly denied the motion to expand the administrative record, and properly entered judgment in favor of UNUM.

## I. BACKGROUND

Seiser was employed as a nurse by Borgess Medical Center until 1995, when she filed a claim for long term disability due to orthopedic lower back problems. Seiser was covered by a long term disability policy ("policy") issued by UNUM. Under its policy, UNUM paid disability benefits from the beginning of 1995 until September 2001, when UNUM terminated Seiser's disability benefits pursuant to the terms of its disability policy.[1]  J.A. at 633-35. Upon review of Seiser's medical statements and applying her medical limitations to its Transferable Skills Analysis ("TSA"),[2] UNUM concluded that Seiser was capable of performing several sedentary occupations and thus ineligible for continued disability benefits.[3]

---

[1] UNUM's disability policy states:
> "Disability" and "disabled" mean that because of injury or sickness:
> 1. the insured cannot perform each of the material duties of his regular occupation; and
> 2. after benefits have been paid for 36 months, the insured cannot perform each of the material duties of any gainful occupation for which he is reasonably fitted by training, education or experience.

J.A. at 633.

[2] The TSA was performed by a vocational specialist, who determined that Seiser was able to perform sedentary jobs within the community based on her educational background and professional experience.  J.A. at 646-49.

[3] UNUM apparently based its original denial decision upon a review of Attending Physician Statements from Seiser's treating physicians, Dr. Dall, an orthopedic specialist, and Dr. Brush, a pulmonary specialist. Dr. Dall's statement of March 14, 2001, listed Seiser's restrictions as "no lifting over ten pounds, no bending, twisting, pushing or pulling... sitting, standing and walking as tolerated."  J.A. at 622. Dr. Brush's statement of March 12, 2001, listed Seiser's limitation as only "no physical exertion."  J.A. at 624. UNUM hired a board certified internal medicine physician, Dr. Hashway, to conduct a review of Seiser's medical statements. On August 1, 2001, Dr. Hashway's review concluded that Seiser "appears capable of sedentary occupational activities."  J.A. at 680.

2

In support of her administrative appeal, Seiser submitted a note from Dr. Dall dated September 12, 2001.[4] J.A. at 621. Two days later, UNUM notified Seiser that Dr. Dall's note was insufficient as support for continued disability but informed Seiser that her entire file would be sent to UNUM's Quality Performance Support Unit ("Support Unit") for final determination. J.A. at 616. On October 26, 2001, the Support Unit sent Seiser a letter upholding UNUM's denial of benefits but invited her to submit additional medical information. J.A. at 601-05. On November 30, 2001, Seiser submitted subsequent notes from Dr. Dall and Dr. Brush besides a letter from a third physician, Dr. Fabi, a nuerosurgeon. Dr. Dall's note essentially parroted his September note, again offering no explanatory analysis. J.A. at 585 ("permanently totally disabled from any useful work including sedentary work"). Dr. Fabi's letter concurred that Seiser was "totally disabled from any type of sedentary or gainful employment of any sort" but deferred to Dr. Brush's evaluations regarding pulmonary limitations on sedentary work. J.A. at 587 ("pulmonary status limits her ability to perform even sedentary work, and I leave this up to Dr. Brush and his evalutions"). Dr. Brush, however, again only limited Seiser from physical activity. J.A. at 586 ("disabled from any employment where any physical activity is required"). These additional materials were reviewed by UNUM's consulting physicians, Dr. Hashway and Dr. Martin,[5] both of whom determined that Seiser was capable of sedentary work. J.A. at 583, 576-77. On March 13, 2002, after this series of submissions and reviews, UNUM informed Seiser of its final determination to deny disability

---

[4]Dr. Dall's note stated that Seiser was "totally disabled from any useful work including sedentary work," but did not provide any underlying explanation or clinical data. J.A. at 621.

[5]Dr. Martin is a board certified occupational medicine physician.

3

benefits. J.A. at 573-74. On September 23, 2002, the SSA awarded Seiser disability benefits. J.A. at 36.

## II. ANALYSIS

### A.    Standard of Review

The issue before us is whether Seiser is entitled to disability benefits under UNUM's disability policy. We generally review an administrator's denial of benefits *de novo*. *See Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 613 (6th Cir. 1998). However, when the ERISA plan expressly provides discretion to the administrator in making eligibility decisions, the reviewing court employs the arbitrary and capricious standard of review. *See Williams v. Int'l Paper Co.*, 227 F.3d 706, 711 (6th Cir. 2000) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110-12 (1989)). The arbitrary and capricious standard is the "least demanding form of judicial review of administrative action." *McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 169 (6th Cir. 2003) (internal citations and quotations omitted). A decision is not arbitrary and capricious "when it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome." *Williams*, 227 F.3d at 712 (internal quotation omitted). This standard requires that we defer to the administrator's construction when the policy vests the administrator with the discretion to interpret that policy. *Davis v. Ky. Fin. Cos. Ret. Plan*, 887 F.2d 689, 695 (6th Cir. 1989). Upon review of UNUM's policy provisions, the district court concluded that the policy sufficiently granted "UNUM the discretionary authority to interpret the [policy] and to determine eligibility for benefits required to support application of the arbitrary and capricious standard."[6] J.A. at 35. We agree.

---

[6]The "Certificate Section" of UNUM's policy states that "[w]hen making a benefit determination under the policy, UNUM has discretionary authority to determine [the insured's] eligibility for benefits and to interpret the terms and provisions of the policy." J.A. at 495.

4

**B.      Motion for Judgment on the Administrative Record**

The district court concluded that UNUM's determination was not arbitrary and capricious based upon review of the administrative record. J.A. at 36. The district court correctly notes that Seiser bore the burden to prove eligibility for disability under the terms of the policy.[7] *Id.* To support her case for disability, Seiser submitted six doctors' statements and notes on at least three separate occasions between March 2001 and November 2001. The record also reflects that UNUM provided ample notice and opportunity for Seiser to provide medical support and supplement her record with additional medical information.[8] UNUM then re-submitted all of Seiser's supplemental documents not only to the original consulting physician, Dr. Hashway, but also to a second consulting physician, Dr. Martin. Both drew the same conclusion upon review of the totality of Seiser's documents; the doctors' statements and notes submitted on behalf of Seiser did not provide sufficient clinical findings that Seiser could not perform sedentary work.[9]

Although Seiser contends that UNUM's consulting physicians engaged in "cherry picking" of medical evidence and the TSA analysis was flawed (Pl.-Appellant's Final Br. on Appeal at 17), we find that the record does not support these contentions. We agree with the district court that the

---

[7]The district court read the second provision of the policy – "the insured cannot perform each of the material duties of any gainful occupation for which he is reasonably fitted by training, education or experience" – as laying the onus on the insured to prove eligibility for disability. We have upheld such readings. *See, e.g., Miller v. Metro Life Ins. Co.*, 925 F.2d 979, 985 (6th Cir. 1991).

[8]After initial insufficient submissions of medical information, UNUM invited Seiser to submit additional information on September 14, 2001, and October 26, 2001, via letter. *See supra*, J.A. at 616.

[9]UNUM's consulting physicians conceded that Seiser's submissions supported that she was disabled from physical work; however, these reviewing physicians concluded that the clinical data did not support that Seiser was disabled from sedentary work. J.A. at 577, 583.

5

administrative record does not support Seiser's contention that UNUM's consulting physicians failed to properly consider Seiser's combination impairment condition in the same manner as her treating physicians. J.A. at 37. The record reflects that the consulting physicians' opinions and conclusions "incorporated the same medical restrictions and limitations prescribed by Seiser's treating physicians." J.A. at 37. During oral argument, Seiser implored us to give more weight to her treating physicians' conclusions rather than UNUM's consulting physicians' conclusions in our analysis. However, the Supreme Court has held, and Seiser conceded at oral argument, that the treating physician rule applicable to an SSA analysis is not binding in ERISA cases. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 825 (2003) (holding that ERISA plan administrators are not obligated to accord special deference to the opinions of treating physicians). We have recently adopted this principle in *Whitaker v. Hartford Life & Accident Ins. Co.*, No. 03-6682, _ F.3d _, 2005 U.S. App. LEXIS 3492, at *4 (6th Cir. Jan. 24, 2005) (affirming the proposition that the treating physician rule does not apply in ERISA cases).[10] Accordingly, we find that UNUM's administrators were not arbitrary and capricious by not according special deference to the opinions of Seiser's treating physicians. Further, when an administrator exercises his discretionary power "to rely upon the medical opinion of one doctor over that of another in determining whether a claimant is entitled to ERISA benefits, the plan administrator's decision cannot be said to have been arbitrary and capricious." *McDonald*, 347 F.3d at 169.

Upon review of the record, we find that UNUM offered sufficient reasoned explanation, based on the substantial evidence of Seiser's own submissions, for its decision to deny her disability

---

[10]This decision is designated for full-text publication.

6

benefits.  Therefore, we hold that the district court properly denied Seiser's motion for judgment on the administrative record and properly entered judgment in favor of UNUM.

### C.       Motion to Expand the Administrative Record

It is well-established that the district court is strictly limited to the record of the administrator in its review.  *See Killian v. Healthsource Provident Adm'r, Inc.*, 152 F.3d 514, 522 (6th Cir. 1998) ("in an ERISA claim contesting a denial of benefits, the district court is strictly limited to a consideration of the information actually considered by the administrator"); *see also Wilkins*, 150 F.3d at 615 (finding that an affidavit dated over one month after final decision denying benefits was not part of the administrative record).  Since the SSA's  disability determination was awarded six months subsequent to UNUM's final decision to deny benefits, the SSA's determination was clearly not a part of the administrative record.  The SSA determination was not, nor should it have been, a part of the record before the district court.

In her appeal, Seiser also argues that we should remand the case to UNUM so that it can reconsider its decision in light of the SSA determination.  In support of this argument, Seiser cites to an unpublished district court opinion in which the court remanded a similar case to "enable the SSA decision to become part of the Administrative Record, thereby properly enabling the Court to consider both the SSA decision and the [administrator]'s treatment of such decision." *Quast v. Square D Co.*, No. 02:01-CV-1135, 2003 U.S. Dist. LEXIS 19644, at *10 (S.D. Ohio July 15, 2003). The district court reasoned that "[w]hen faced with the task of determining whether the [administrator]'s denial of [the claimant]'s benefits was arbitrary and capricious, the Court needs this information in order to conduct a complete and meaningful review." *Id*. Respectfully, we disagree.

Under the arbitrary and capricious standard, a reviewing court must simply determine whether there exists "a reasoned explanation, based on the evidence, for a particular outcome." *Williams*, 227 F.3d at 712 (internal quotation omitted). The district court's explanation in *Quast* that a remand is required to consider new evidence before a court can determine whether an outcome is reasonably reached based on the old evidence is illogical. Moreover, we recently held that "an ERISA plan administrator is not bound by an SSA disability determination when reviewing a claim for benefits under an ERISA plan." *Whitaker*, 2005 U.S. App. LEXIS 3492, at *4-5; *see also Black & Decker*, 538 U.S. at 832-33 (noting the "critical differences between the Social Security disability program and ERISA benefit plans"); *Wagner-Harding v. Farmland Indus. Inc. Employee Ret. Plan*, No. 01-3085, 2001 U.S. App. LEXIS 26408, at *15 (10th Cir. Dec. 10, 2001) (holding that SSA "proceedings are entirely different and separate from a claim under ERISA, with different parties, different evidentiary standards, and different bodies of law governing their outcomes"). Therefore, we decline Seiser's invitation to adopt the *Quast* approach. Instead, we hold that where a plan administrator has denied a disability claim, a remand to the administrator to consider a contrary SSA determination issued after the administrative decision is unwarranted.

## III. CONCLUSION

For the foregoing reasons, we affirm the decision of the district court to deny Plaintiff-Appellant's motion for judgment on the administrative record and the motion to expand the administrative record. Judgment in favor of Defendant-Appellee is affirmed.