**NOT RECOMMENDED FOR PUBLICATION**
File Name: 13a0056n.06

No. 12-3525

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **Teresa Combs,** | ) | |
| | ) | **FILED** |
| **Plaintiff-Appellant,** | ) | **Jan 10, 2013** |
| | ) | DEBORAH S. HUNT, Clerk |
| **v.** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| **Reliance Standard Life Insurance Company,** | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |
| **Defendant-Appellee.** | ) | |
| | ) | |
| | ) | |

**BEFORE:** **BATCHELDER, Chief Judge; MERRITT and KETHLEDGE, Circuit Judges.**

**PER CURIAM.** Teresa Combs brought an action to recover benefits under an insurance plan governed by ERISA. She appeals the district court's grant of summary judgment for Reliance Standard Life Insurance Company. We affirm.

Combs was a secretary at the law firm Taft Stettinius & Hollister LLP in Columbus and a participant in the firm's Long Term Disability Plan. She stopped working in January 2003 and filed a disability claim based on debilitating back pain. Reliance approved the claim. Combs underwent back surgery soon after and began treatment with a neurosurgeon.

Reliance notified Combs in November 2004 that she was no longer eligible for benefits because she was no longer disabled under the terms of the plan. Her benefits were terminated as of

September 24, 2004. Combs appealed this decision, but Reliance confirmed the denial in February 2006.

Combs filed suit in district court under 29 U.S.C. § 1132, arguing that Reliance denied her benefits arbitrarily and capriciously. The district court reviewed the evidence upon which Reliance based its decision, including medical records and a functional-capacity evaluation conducted in January 2006. The court determined that the evidence supported a finding that Combs was not totally disabled. However, the court was concerned that Reliance did not consider evidence suggesting that Combs might be partially disabled, because under the terms of Reliance's plan a covered person is entitled to benefits if she is partially disabled. The court therefore denied both Combs's and Reliance's motions for summary judgment and remanded the case so that Reliance could consider whether Combs was partially disabled.

On remand, Reliance sent Combs's medical records to Dr. Andrea Wagner for an independent review. These records included all pre-remand information and new evidence submitted by Combs to Reliance. The new evidence included medical records and a favorable decision from the Social Security Administration awarding Combs disability benefits. Dr. Wagner determined that Combs could work at a light functional level since September 2004. In January 2010, Reliance notified Combs that, at the time her benefits were terminated, she was capable of performing the duties of her regular occupation and was therefore neither totally nor partially disabled. Reliance also explained in the notification why its decision differed from the Social Security Administration's.

Combs appealed this decision. She sent Reliance a report from Dr. John Cunningham stating that Combs continued to suffer back pain. She also included a personal statement and another copy

of the Social Security Administration's determination. In response, Reliance asked Dr. Lynn Richardson to perform an independent medical exam of Combs. Dr. Richardson determined that Combs could return to work. She also recommended that Combs undergo a separate psychological examination. Reliance scheduled this examination, but Combs did not show up. In lieu of the examination, Reliance submitted Combs's medical records to Dr. Stuart Gitlow for review. He found no impairment based on medication dependence or a psychiatric disorder.

Combs then submitted a functional-capacity evaluation conducted in January 2011 and additional records from Dr. Kalyan Lingam, who treated Combs in 2010. As a final measure, Reliance sent all medical records to Dr. Amy Hopkins for another medical review. The conclusion of Dr. Hopkins's report discussed the results of the 2006 functional-capacity evaluation without reaching an explicit determination about Combs's work capacity. It then determined that Combs could work at a part-time sedentary level from September 2008. Reliance sent Dr. Hopkins's report to a vocational expert, who determined that Combs could return to her previous occupation. In July 2011, Reliance reaffirmed its decision.

We will overturn Reliance's decision to terminate benefits only if it was arbitrary or capricious. *See Price v. Bd. of Trs. of the Ind. Laborer's Pension Fund*, 632 F.3d 288, 295–96 (6th Cir. 2011). A decision is not arbitrary or capricious if it is "the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Glenn v. MetLife*, 461 F.3d 660, 666 (6th Cir. 2006), *aff'd sub nom. Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

Combs first argues that Reliance's determination was arbitrary or capricious because the pre-remand administrative record does not support the decision to terminate her benefits. She asserts

that neither we nor the district court can look to material added to the record on remand. But the cases she submits in support of this argument say only that district courts cannot review material outside the administrative record. *See, e.g.*, *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998). They do not discuss whether new information can become part of the record when submitted by both parties after a district court orders further administrative proceedings.

Our Circuit has not spoken on this issue directly, but we have suggested that parties can supplement the record with further administrative proceedings. *See Wenner v. Sun Life Assurance Co.*, 482 F.3d 878, 885 (6th Cir. 2007) (Rogers, J., concurring in part and dissenting in part) (suggesting that instead of awarding benefits because of a procedural error, the Court should remand to the administrator to supplement the record and make a proper determination). Other circuits have determined that parties can supplement the record on remand. *See, e.g.*, *Willcox v. Liberty Life Assurance Co.*, 552 F.3d 693, 699 (8th Cir. 2009) (approving remand to the plan administrator to review new evidence and add to the record); *Champion v. Black & Decker (U.S.) Inc.*, 550 F.3d 353, 363 (4th Cir. 2008) (holding that the district court acted within its discretion by remanding to the plan administrator and allowing the claimant to supplement the record). And at least one circuit has remanded a case to the plan administrator and ordered it to supplement the record. *See Wiener v. Health Net of Conn., Inc.*, 311 F. App'x 438, 441–42 (2d Cir. 2009). Moreover, Combs submitted additional information, suggesting she understood that the district court's order allowed supplementation. She presents no compelling reason why we should not review the entire record to determine whether Reliance's decision was arbitrary or capricious. We therefore hold that the

district court was entitled to consider both the original administrative record and the supplemental administrative record.

Combs's next argument is that, even if all the evidence is considered, Reliance did not conduct a full and fair review of her medical records. She claims that, had it done so, Reliance would have found her disabled under the terms of the plan. Specifically, she argues that Reliance improperly determined that she was not credible regarding her complaints of debilitating back pain. "[S]ubjective complaints of back pain by themselves do not compel an administrator to grant disability benefits." *Cooper v. Life Ins. Co. of N. Am.*, 486 F.3d 157, 174 (6th Cir. 2007) (Sutton, J., concurring in part and dissenting in part) (citing *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 382 (6th Cir. 1996)). But a plan administrator must use a "deliberate, principled reasoning process" to determine how the objective medical evidence relates to the plaintiff's subjective symptoms. *Id.* at 173–74.

Reliance used a deliberate and principled process to determine that, despite Combs's subjective complaints, objective evidence supported a finding that Combs was not disabled. Reliance did not limit its credibility determination to a review of the medical records alone. Reliance also scheduled a physical examination. *See Helfman v. GE Grp. Life Assurance Co.*, 573 F.3d 383, 395–96 (6th Cir. 2009) (the administrator made an arbitrary determination about the plaintiff's pain complaints because it did so "without the benefit of a physical examination" to support the conclusion). In addition, Reliance reviewed two functional-capacity evaluations and asked physicians to assess Combs's functional capacity as well. The reviewing physicians considered Combs's accounts of her subjective pain, but they ultimately discounted these accounts and provided

reasons for doing so. Specifically, Reliance relied on Dr. Richardson's conclusion that Combs's reported pain was inconsistent with the observations and physical findings she made during a physical examination. Reliance also looked into whether there was a psychological or medication-dependence reason for Combs's pain. When Combs did not submit to a psychological examination, Reliance asked Dr. Gitlow to conduct a review of Combs's medical records. He found no serious issues. Finally, Reliance asked Dr. Hopkins to conduct a final review of all records after Combs submitted additional medical evidence. Dr. Hopkins determined that Combs could perform sedentary work.

Moreover, Combs's records in support of her complaints are mostly equivocal as to whether she had debilitating pain. In 2004, Dr. Jeffrey Blood, a treating physician, stated that Combs had some limitations, but review by a vocational specialist showed these to be consistent with the work of a legal secretary. Letters from Dr. Robert Gewirtz, Combs's treating neurosurgeon, suggest that Combs's condition improved in 2004 after back surgery. There is a three-year gap in medical records from 2005 to 2008. While Dr. Lingam's letter states that the type of pain Combs suffered could be debilitating, it does not opine specifically on whether Combs was disabled. Only Dr. Cunningham's letter strongly supports Combs's claim that she could not return to work. However, an administrator need not credit a plaintiff's evidence over conflicting reliable evidence, such as that provided to Reliance by other doctors. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003). Combs also relies on the Social Security Administration's determination. But a plan administrator is not bound by a Social Security Administration determination when reviewing a claim for benefits under an ERISA plan. *See Seiser v. UNUM Provident Corp.*, 135 F. App'x 794,

799 (6th Cir. 2005) (citing *Black & Decker*, 538 U.S. at 832–33). And Reliance explained to Combs why its opinion differed from the Social Security Administration's.

Overall, nothing demonstrates that Reliance used a flawed process, selectively reviewed evidence, relied on questionable evidence in making its determination, or lacked evidence to support termination of benefits. Accordingly, the judgment of the district court is affirmed.