NOT RECOMMENDED FOR PUBLICATION
File Name:  21a0579n.06

No. 21-5441

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Dec 13, 2021
DEBORAH S. HUNT, Clerk

LEWIS BUSTETTER,               )
                              )
     Plaintiff-Appellant,      )
                              )      ON APPEAL FROM THE UNITED
v.                            )      STATES DISTRICT COURT FOR
                              )      THE  EASTERN  DISTRICT  OF
STANDARD INSURANCE COMPANY,    )      KENTUCKY
                              )
     Defendant-Appellee.       )


Before:  McKEAGUE, GRIFFIN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge.   Lewis Bustetter sued Standard Insurance Company, claiming that Standard terminated his long-term disability and life-insurance benefits in violation of the Employee Retirement Income Security Act of 1974.  The district court granted judgment to Standard based upon the administrative record.  We affirm.

I.

Lewis Bustetter worked as a tank-truck driver for CEVA Logistics and was covered by CEVA's long-term disability and life-insurance plans, which were themselves governed by ERISA.  Standard was the administrator of both plans.

Under CEVA's long-term disability plan, employees who were unable to perform their "Own Occupation" were entitled to disability benefits for up to two years.  Thereafter an employee could obtain benefits only if he could not perform the duties of any occupation that would pay the

employee at least 60% of his pre-disability earnings. For employees who made that showing, CEVA also waived the premiums for its life-insurance policy.

Bustetter's medical problems began in October 2014, when he complained of chronic pain in his left knee that prevented him from working as a driver for CEVA. He aggravated the injury while landscaping in his yard and underwent surgery to repair his knee. Bustetter hoped to work in March 2015, but CEVA laid him off that February. That same month, Bustetter experienced numbness and weakness in his arms and legs, along with muscle spasms in his back and neck. His doctors diagnosed him with an inflammatory disorder of the spinal cord, transverse myelitis.

In May 2015, Standard approved Bustetter for long-term disability benefits under the "Own Occupation" clause. But in December 2016 Standard determined that Bustetter had not shown that he was disabled "from all occupations." Standard therefore ended his disability benefits after two years. Bustetter filed an administrative appeal, claiming that he was entitled under his ERISA plan to long-term disability and life-insurance benefits, which Standard denied.

An ERISA plan beneficiary may sue to "recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Bustetter thereafter brought this suit and the district court eventually granted judgment on the record to Standard, finding that Bustetter had not shown he was disabled from all occupations. This appeal followed.

II.

We review the district court's grant of judgment on the record de novo. *See Whitaker v. Hartford Life & Accident Ins. Co*., 404 F.3d 947, 949 (6th Cir. 2005). The parties dispute whether we defer to the district court's factual findings. Bustetter argues that we should review the district court's factual findings de novo. *See Javery v. Lucent Techs., Inc. Long Term Disability Plan for Mgmt. or LBA Emps.*, 741 F.3d 686, 700 (6th Cir. 2014). Standard argues that we review for clear

error. *See Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006). But that disagreement makes no difference to our decision here.

A.

We affirm for substantially the reasons stated by the district court in its notably thorough and well-reasoned opinion. The principal issue on appeal is whether Bustetter proved by a preponderance of the evidence that he was disabled from "all occupations" as a result of his myelitis. *See Javery*, 741 F.3d at 700. We focus on Bustetter's myelitis because CEVA's disability plan exempted certain disabilities, but not those caused by myelitis, from indefinite coverage.

For several reasons, the district court found that Bustetter had not. Bustetter principally relied on a January 2017 Functional Capacity Evaluation performed by his physical therapist, Karen Scholl. But Scholl never found that Bustetter was unable to perform the duties of any occupation in the national economy. Nor did she consider whether any workplace accommodations would allow Bustetter to work, or whether Bustetter's physical limitations were caused by his myelitis as opposed to some other cause. Nor did Bustetter's treating physicians make either of these findings. True, the Social Security Administration determined that Bustetter was eligible for Social Security disability benefits. But the standard for awarding those benefits was different from the standard for obtaining "all occupation" long-term benefits under the plan here. *See generally Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 833 (2003). Nor is the record here the same record that was before the Social Security Administration. The district court was correct to find that Bustetter had not shown by a preponderance of the evidence that he was disabled from all occupations as a result of his myelitis or any other cause.

B.

Bustetter also asks that we remand this case so he can move for an award of attorney's fees in the district court. Under ERISA, a court may award attorney's fees to a non-prevailing party "as long as the fee claimant has achieved some degree of success on the merits." *Hardt v. Reliance Standard Life Insurance Co.*, 560 U.S. 242, 245 (2010).

By way of background, in a September 2019 order, the district court remanded "[t]his matter" to Standard "for a full and fair review" of its earlier decision to deny benefits. After that review, Standard again denied benefits, after which the court entered judgment in favor of Standard. That judgment is the one we affirm here. Bustetter's argument now is that, as a result of the September 2019 order, he is a "prevailing party" entitled to an award of attorney's fees.

But that argument is forfeited. "Unless a statute or court order provides otherwise," a motion for attorney's fees must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B). The court rules for Eastern District of Kentucky extend that period to 30 days. *See* E.D. Ky. LR 54.4.

Bustetter sought an award of fees before the district court entered its September 2019 order, but the court denied that request. Later the court invited Bustetter to file for fees "at the conclusion of the litigation." But Bustetter never did, and instead seeks them now. His request is therefore untimely and forfeited.

The district court's judgment is affirmed.